

# Fourth Court of Appeals
## San Antonio, Texas

July 2, 2014

No. 04-14-00265-CV

John **DONOHUE**,
Appellant

v.

Martha **DONOHUE**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CI19573
Honorable David A. Canales, Judge Presiding

## O R D E R

Appellant John M. Donohue appeals a final decree of divorce signed October 8, 2013. Appellant did not file a timely motion that would have extended the appellate timetable. *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a). Thus, the notice of appeal was due November 7, 2013, or a motion for extension of time to file the notice of appeal was due fifteen days later on November 24, 2013 (November 22, 2013, the actual due date, was a Saturday). *See* TEX. R. APP. P. 26.1, 26.3. Appellant did not file a timely notice of appeal or a timely motion for extension of time to file the notice of appeal. However, on April 22, 2014, appellant filed a notice of appeal and a motion for extension of time to file a notice of appeal.

The supreme court holds that "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) (construing predecessor to Rule 26).

We therefore **ORDER** appellant to file, on or before **August 1, 2014**, a response showing cause why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). If a supplemental clerk's record is required, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of July, 2014.



Keith E. Hottle
Clerk of Court